Dan N. Fiorito III (SBN 34009)
dan@danfiorito.com
THE LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N., Suite 201
Seattle, WA 98109
Telephone: (206) 299-1582
Fax: (206) 770-7590

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CLAUDINE WILLIAMS, as guardian on behalf of B.E., <br><br> Plaintiff, <br><br> V. <br><br> THE UNITED STATED OF AMERICA, a governmental entity, <br><br> Defendant. | No.   22-695 <br><br> COMPLAINT |

COMES NOW the plaintiff, CLAUDINE WILLIAMS ("Ms. Williams"), the guardian of minor child B.E. ("Plaintiff"), by and through her attorney, DAN N. FIORITO III, and complains of Defendant, the UNITED STATES OF AMERICA ("USA"), upon information and belief as follows:

I. **INTRODUCTION**

1.1   This case seeks to vindicate the fundamental rights of Plaintiff, who was sexually abused as a young girl between the ages of four and six by Leslie Guy Wilson ("Wilson") due to the negligence of the United States Probation and Pretrial Services, Western District of Washington ("U.S. Probation").

1.2   Wilson and Plaintiff ended up living under the same roof under a precarious chain of events that should have been broken by U.S Probation.

1.3   Wilson was and remains one of the most dangerous and violent people that could be scripted from human imagination. He developed substance abuse problems as a youth on the Makah Indian Reservation. Wilson's abuse of alcohol led him into a life of unparalleled violent and sexual criminal activity.

1.4   As a teenager, Wilson was convicted of Indecent Liberties for touching the vagina of a ten-year-old girl. As a young man, Wilson murdered two people on the Makah reservation in cold blood. He stripped the clothes off one of his victims after shooting her in the head and sexually violated her dead corpse. Wilson served seventeen years in federal prison for his crimes before being placed on supervised released in 2008 under U.S. Probation. He immediately violated the terms of his probation by turning to alcohol and ended up serving an additional nine months in custody for the violation before being released in 2010.

1.5   In 2010, Plaintiff resided on the Muckleshoot Indian Reservation with her grandmother and guardian Ms. Williams. Plaintiff was four years old. Despite Wilson's horrific violent criminal history, demonstrated sexual deviancy, and his absolute inability to maintain sobriety or to abide by the terms of his supervised release, U.S. Probation approved Wilson's residency in the home where Plaintiff and her grandmother resided.

2

1.6     Wilson lived with Plaintiff between May of 2010 and July of 2012. At no time did U.S. Probation inform Ms. Williams that Wilson sexually violated the corpse of one of his female murder victims or that he had sexually assaulted a female minor.  It did not inform her that Wilson was in continual violation of his supervised release.  U.S Probation unleashed a sexual predator into the home of a little girl that had no protection from the monster being placed under her roof.

1.7     While residing with Plaintiff and her grandmother under the supervision of U.S. Probation, Wilson continued to abuse drugs and alcohol with U.S. Probation's knowledge. While violating his conditions of release under the care and custody of U.S. Probation, Wilson sexually abused the Plaintiff.

1.8     Sadly, and expectedly, the abuse went unreported.  Wilson was confined again after violating the terms of his probation in 2012.  When the then six-year-old Plaintiff learned Wilson might be coming back to her home after being released from custody yet again, she became extremely frightened.  Her grandmother, now married to Wilson, asked Plaintiff what was wrong, prompting the Plaintiff to disclose Wilson's abuse and kicking off a criminal investigation.

1.9     Wilson was found guilty of Rape of a Child in the First Degree and Attempted Rape in the First Degree on January 14, 2016 for in King County Superior Court for assaulting Plaintiff.  The convictions were reversed on appeal and Mr. Wilson plead guilty to two counts of Assault in the Third Degree against Plaintiff. for acts committed between May 1, 2010 and July 31, 2012.  The Court entered the Felony Judgment and Sentence on May 31, 2019 (13-1-01376-9-KNT).

1.10    U.S. Probation knowingly placed a  prolific  sexually  violent  predatory  criminal

3

**LAW OFFICE OF DAN N. FIORITO III**
2470 Westlake Ave N, Suite 201
Seattle, WA  98109
(206) 299-1582 FAX 770-7590

with chronic substance abuse issues and a proven disregard for the terms of his supervision into the home of a small girl who had no way of protecting herself from this monster. The tragedy here is not only did U.S. Probation foster the environment for the abuse to occur, it showed a complete lack of cultural sensitivity and historical perspective when it dumped Wilson onto an Indian Reservation to which he had no ties. U.S. Probation served as an accomplice to sexual abuse by hiding Wilson in a place it figured no questions would be raised as to his presence, the Muckleshoot Indian Reservation.

1.11   The Plaintiff's life was forever altered because U.S. Probation did not do its job. Plaintiff was an afterthought to U.S Probation. She became the victim of a man who should have never been placed in her house. This tragedy is amplified exponentially because Plaintiff lived in a place where U.S. Probation assumed nobody would care enough to worry about her safety and well-being. This cautionary tale must never be repeated.

**II.     JURISDICTION AND VENUE**

2.1   Plaintiff brings this action against defendant U.S.A.

2.2.  Plaintiff and Ms. Williams. were residents of the Muckleshoot Indian Reservation at all relevant times herein.

2.3   The Court has jurisdiction pursuant to the following statutes:

   a.   28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.

   b.   28 U.S.C. §1367 which gives the district courts supplemental jurisdiction over state law claims.

   c.   42 U.S.C. § 1346(b) which gives the federal district courts jurisdiction for actions on monetary claims for injury, property loss or death caused by the negligent or

4

wrongful act or omission of any employee of the Government under the Federal Tort Claims Act.

2.4     Venue is appropriate in this judicial district under 42 U.S.C. § 1402(b) and 32 C.F.R. 750.32 because Plaintiff resided in this district at the time she was the subject of the negligence, and the acts or omission giving rise to the claims occurred in this judicial district.

### III.     PARTIES

3.1     Plaintiff is a citizen of the United States and was at all relevant times herein a resident of the Muckleshoot Indian Reservation in King County in the State of Washington, which is in this judicial district when this action was filed.

3.2     Defendant USA is the federal government, who is the proper defendant pursuant to 28 U.S.C.§ 2679(b)(1) for claims for money damages arising from or out of a negligent or wrongful act and/or omission of any federal employee committed within the course and scope of their employment.  The negligent actions in this case were committed by Wilson's probation officers and their supervisors.  The U.S Probation and Pretrial Services Department carries out probation and pretrial services functions in the U.S. District Courts.  The Criminal Law Committee of the Judicial Conference of the United States oversees the U.S. Probation and Pretrial Services System.  The Administrative Office of the U.S. Courts carries out the Judicial Conferences' policies and provides the courts with a broad range of administrative, management, and program support.  The Administrative Office Director has delegated to the Office of Probation and Pretrial Services the responsibility to support the probation and pretrial services system, including developing system policies, supporting system programs, and reviewing the work of probation and pretrial services offices.

3.3     In each judicial district, management of probation and pretrial services is in the hands of chief probation and pretrial services officers, who are directly responsible to the

Law Office of Dan N. Fiorito III
2470 Westlake Ave N, Suite 201
Seattle, WA  98109
(206) 299-1582 FAX 770-7590

courts they serve.  Monique Neal is the Chief Probation Officer of United States Probation and Pretrial Services for the Western District of Washington ("U.S. Probation").  She and her employees and agents have a duty to ensure that U.S. Probation monitors offenders released into the community under probation or supervised release.  This duty includes assessing the defendant's potential risks to the community while on supervised release, monitoring the defendant's compliance with the terms of probation, and ensuring they remain compliant with the terms of their probation. Before placing the offender into the community, U.S. Probation must take all reasonable measures to prevent placing the offender into a residence that will likely lead to harm of any of the residents therein.  It has a duty to take reasonable precautions to protect against reasonably foreseeable dangers posed by the dangerous propensities of offenders.

**IV.  FACTS**

**Wilson had a troubled youth on the Makah Tribal Reservation that included a conviction for Indecent Liberties involving a 10-year-old girl.**

4.1.    Wilson was born in 1971.  He has a history of drug and alcohol abuse and a criminal history that includes violent and sexual offenses.  This history is well-documented and U.S. Probation knew of the history when it placed Wilson in the home where Plaintiff resided.

4.2     Wilson grew up on the Makah tribal reservation and had several encounters with law enforcement that resulted in criminal investigations including public intoxication, assault and battery, theft, and burglary.

4.3     Wilson molested a 10-year-old girl as a teen.  He was convicted of Indecent Liberties for touching the vagina of the girl in 1989.

**Wilson was convicted for violently murdering two people.**

4.4     Wilson was convicted of Second-Degree Murder in the District Court of the

6

Western District of Washington for murdering a married couple on Makah Tribal Land in 1991 (CR92-0014).

4.5   Wilson brutally murdered a husband and wife on the Makah reservation. Hos victims, Richard and Jeri Husband were not tribal members, but were popular with the tribal community and had been very kind to Wilson. Wilson knocked on their door. When they opened it, he shot them multiple times in the head with a stolen firearm killing them. Wilson stripped off the deceased Ms. Husband's clothes and sexually assaulted her corpse.

4.6   Hours after the murder, Wilson approached a frail elderly woman on the reservation and demanded drugs. When she did not provide any, Wilson drew the stolen firearm, pointed it at her, and pulled the trigger. The gun did not fire. Wilson indicated he would kill her with the next try, then walked away. Wilson's brother, suspecting Wilson had committed the murders, took Wilson to the Neah Bay Police Department where he was arrested for his crimes. Wilson was under the influence of alcohol during the commission of the killings and had been drinking all day.

4.7   Wilson received a 24-year prison sentence with five years of supervised release on charges of Second-Degree Murder (two counts), Assault with a Dangerous Weapon, and Use of a Firearm During an Assault. The conditions of supervised release included requirements that Wilson abstain from alcohol and drugs.

**Wilson was released from prison and is placed under the supervision of U.S. Probation. He violated the terms of his probation repeatedly, even while living with the Plaintiff.**

4.8   Wilson was released from prison after serving seventeen years in September of 2008 and immediately started violating the terms of his probation.

4.9   On November 6, 2008, shortly after his release it was reported by U.S.

7

Probation that Wilson tested positive for alcohol. He was reprimanded and referred for a professional assessment. He did not seek to obtain an assessment, completely disregarding the requirements of his probation. On March 10, 2009, Wilson admitted violating his conditions of release by consuming alcohol, failing to obtain a substance abuse violation, failing to submit to alcohol testing, and committing disorderly conduct. He was sent to in-patient alcohol treatment. Rather than complete his alcohol treatment program, Wilson ran away from the alcohol treatment center on April 27, 2009 and broke into a nearby home where he was arrested after a tense stand-off with police and border patrol agents.

      4.10   On July 30, 2009, the United States Assistant Attorney representing the Government at the violation hearing argued, "There is every reason to believe that if Wilson remains free, he will drink, and he will then reach a state to commit a violent crime. He is not a typical murder defendant whom committed his offense out of jealousy, or during a robbery or burglary. Such individuals are less likely to re-offend after prison than people convicted of other crimes. Wilson's offense was based solely on his abuse of alcohol, and after years in prison he went right back to drinking. The only way to protect the community is to send him back to prison for a long time.[1]" For this violation, Wilson was sentenced to nine months imprisonment followed by four years of supervised release. He was ordered to satisfactorily complete a residential alcohol treatment program. Wilson was free in March of 2010 after serving time for his probation violations. He subsequently moved in with the Plaintiff and Ms. Williams.

---

[1] "Convicted Murderer Sent Back to Prison Following Stand-Off with Police, Defendant Repeatedly Violates Conditions of Release With Alcohol Abuse." The United States Attorney's Office Western District of Washington Archive, July 30, 2019.  https://www.justice.gov/archive/usao/waw/press/2009/jul/wilson.html

LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N, Suite 201
Seattle, WA 98109
(206) 299-1582 FAX 770-7590

4.11   U.S. Probation reported on October 21, 2010, that Wilson tested positive for amphetamine and oxycodone.  Wilson was reprimanded, his drug testing frequency was increased, and he was referred for counseling.

4.12   U.S. Probation reported on December 5, 2011, Wilson tested positive for marijuana.  Wilson was reprimanded, his drug testing frequency was increased, and he was referred for counseling for a professional assessment.

4.13   In July of 2012, Wilson admitted to four additional violations including using oxycontin, failure to follow instructions of a probation officer, failure to submit monthly to supervision reports, and failure to notify probation of his change in employment. He was sentenced to six more months of custody on August 27, 2012.  While serving the last weeks of his sentence at the Pioneer Fellowship House, and upon learning that Plaintiff had reported he sexually abused her, Wilson cut off his GPS tracker on January 3, 2013 and ran away. He was arrested the next day.  Wilson plead guilty to Escape and was sentenced to sixty months in federal prison. While incarcerated in Federal Bureau of Prisons in Arizona, Wilson was charged with assault with a serious injury.  The victim required hospitalization.

**Between incarcerations for his multiple probation violations, Wilson moved in with Claudine Williams and the then four-year-old Plaintiff. U.S. Probation did not inform Ms. Williams about the facts surrounding his murder conviction, that he had been convicted for Indecent Liberties for touching a young girl's vagina, or that he was continually violating the terms of his probation.**

4.14   In May of 2010, Wilson married Ms. Williams, the maternal grandmother of Plaintiff.  Ms. Williams resided with Plaintiff. in their home on the Muckleshoot Indian Reservation. Ms. Wilson had met Wilson as a 16-year-old girl while at a Native American

LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N, Suite 201
Seattle, WA  98109
(206) 299-1582 FAX 770-7590

boarding school.[1] Wilson told Ms. Williams that his murder convictions were the result of him being with a group of young men at the wrong place at the wrong time. She was unaware of the true facts underlying his murder convictions or that he had an Indecent Liberties conviction for touching a ten-year-old girl's vagina.

4.15   In May of 2010, while on supervised release with U.S Probation and after having just served nine months for violating the conditions of release for his federal murder charges, Wilson moved in with Ms. Williams and the then four-year-old Plaintiff. He continued to reside at the Plaintiff's home with U.S. Probation's knowledge until he was again sentenced in July of 2012 for multiple admitted probation violations.

4.16   U.S. Probation did not inform Ms. Williams that Wilson had been convicted of Indecent Liberties for molesting a ten-year old girl or explain the heinous nature of the murders he had been convicted of in 1992. For example, U.S, Probation did not inform Ms. Williams that Wilson acted alone in the murders and sexually assaulted a corpse of one of his female victim's. It did not inform her that he was not compliant with his probation.

**Plaintiff reported that while on supervised federal probation Wilson sexually assaulted her repeatedly.**

4.17   In approximately December of 2012, and prior to his escape from custody in 2013, Ms. Williams and Plaintiff had been informed by Wilson that he would be returning to their home to visit. Plaintiff became upset when she learned that Wilson would be returning to the home.

---

[1] Native American boarding schools established by the U.S. Government existed for over a century and sought to assimilate Indigenous children into white society. Native American Children were forced from their families, prohibited from speaking their languages and often abused. Fonseca, Felicia, "U.S. finds 500 Native American boarding school deaths so far." Seattle Times, May 12, 2022, online at https://www.seattletimes.com/nation-world/nation/us-interior-to-release-report-on-indigenous-boarding-schools/

4.18   Ms. Williams asked why Plaintiff was upset over Wilson's return. Plaintiff then told her that Wilson had sexually abused her and that he didn't like when he touched her with his "pickle."

4.19   In December 2012, immediately after Plaintiff's disclosure of sexual abuse, Ms. Williams reported to CPS that Plaintiff had been sexually assaulted by Wilson and an investigation began. Ms. Williams informed U.S. Probation that Wilson was not welcome in her home.

4.20   During interviews with forensic examiners, Plaintiff indicated Wilson had sex with her on multiple occasions and that he was really drunk. Plaintiff indicated before she went to school Wilson pulled down her pants and he touched her "spot" with his "spot" and moved up and down. When the bus came, Plaintiff stated Wilson wiped her spot because he "used a thick lotion on his spot." Wilson penetrated her vagina with his finger. On another occasion, Wilson asked Plaintiff for oral sex. He asked her to "suck on it like a sucker."

4.21   On January 7, 2013, Plaintiff reported to the Muckleshoot Medical Clinic with Ms. Williams. Clinic staff recommended Plaintiff undergo a sexual assault examination at Mary Bridge Children's Hospital. That examination took place on January 14, 2013. Ms. Williams indicated Plaintiff suffered three bouts of blister-like vaginal rashes over the past year and that Wilson disclosed he had sores on his penis. Plaintiff reported that it hurt to pee "sometimes" and that "papa" did something to her "spot."

4.22 After the investigation was completed, Wilson was prosecuted in King County Superior Court for child rape.

4.23   On January 14, 2016, Mr. Wilson was found guilty of Rape of a Child in the First Degree and Attempted Rape of a Child in the First Degree in King County Superior Court for

11

acts alleged to have occurred between May 1, 2010, and July 31, 2012. He was sentenced to serve no less than 318 months in prison and no more than life in prison. Wilson was remanded to the Bureau of Prisons in Arizona to serve the remainder of his federal sentence on escape charges where he brutally assaulted another inmate and was indicted on federal charges in the United States District Court For the District of Arizona. (CR19-00538).

4.24   Wilson's Rape and Attempted rape convictions were overturned on appeal based on a jury instruction error. Wilson subsequently pled guilty to two counts of Assault in the Third Degree for acts occurring between May 1, 2010, and July 31, 2012. The Court entered the felony Judgment and Sentence on May 31, 2019.

4.25   Ms. Williams' divorce from Wilson became final in approximately 2019.

**B.E. served an administrative tort claim to U.S. Probation. Six months passed without a response.**

4.26   Plaintiff served U.S. Probation with an administrative tort claim on March 11, 2021. The Administrative Office of the United States Courts, Office of General Counsel acknowledged receipt of the claim via email on March 23, 2021.

4.27   After March 23, 2021, Plaintiff received no further response from the Administrative Office of the United States Courts, Office of General Counsel Office.

V.   **CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANT USA – U.S. PROBATION.**

5.1   Plaintiff realleges and incorporates paragraphs 1.1 – 4.27 herein.

5.2   Plaintiff alleges that at all relevant times, U.S. Probation officers acted negligently, carelessly, recklessly, and/or unlawfully in the scope of their employment by including but not limited to: (1) failing to supervise Wilson while on federal probation under the

LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N, Suite 201
Seattle, WA 98109
(206) 299-1582 FAX 770-7590

supervision of U.S. Probation; (2) permitting Wilson to live with Plaintiff when it had knowledge of his ongoing substance abuse and sexually deviant history with a minor girl; (3) not informing Ms. Williams of the circumstances under which Wilson murdered his victims before placing Wilson in her home; (4) not informing Ms. Williams of Wilson's conviction for Indecent Liberties and that the crime involved Wilson touching a ten-year old girls vagina; and (5) repeatedly allowing him to abuse drugs and alcohol while residing with Plaintiff.

5.3    Plaintiff alleges, that at all times relevant herein, U.S. Probation Officers knew, or should have known, that placing Wilson, a man with: (1) violent sexual proclivities; (2) a demonstrated sexualized interest in minor female children; (3) an ongoing substance abuse problem, and (4) an inability to remain compliant with his probation, into the home of a four-year-old girl would endanger her and leave her susceptible to sexual abuse.  Further, it was foreseeable that Wilson would sexually assault the Plaintiff, especially when Wilson continued to abuse illegal drugs and alcohol in violation of the terms of his probation and with U.S. Probation's knowledge that he was violating these terms.

5.4    As a direct and legal result of the wrongful acts and/or omissions of the U.S. Probation Officers, Wilson was allowed to gain unsupervised access to Plaintiff and to sexually assault her.

5.5.   As a direct and legal result of the wrongful acts and/or omissions of the U.S. Probation Officers, Plaintiff suffered damages.

WHEREFORE Plaintiff prays for relief set forth below.

/

/

/

LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N, Suite 201
Seattle, WA  98109
(206) 299-1582 FAX 770-7590

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant USA as follows:

6.1 For compensatory and general damages in an amount according to proof;

6.2 For past and future medical, incidental, and service expenses according to proof;

6.3 For past and future lost earnings in an amount according to proof;

6.4 For impairment of earning capacity in an amount according to proof;

6.5 For pre and post-judgment interest on all damages as allowed by law;

6.6 For attorney's fees and costs as provided by law;

6.7 Any and all other relief provided by law.

DATED May 23, 2022    **THE LAW OFFICE OF DAN N. FIORITO III**

By: s/ Dan Fiorito
Dan N. Fiorito
Counsel for Plaintiff

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable

DATED May 23, 2022    **THE LAW OFFICE OF DAN N. FIORITO III**

By: s/ Dan Fiorito
Dan N. Fiorito
Counsel for Plaintiff

LAW OFFICE OF DAN N. FIORITO III
2470 Westlake Ave N, Suite 201
Seattle, WA 98109
(206) 299-1582 FAX 770-7590